# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| WILLIAM EVANS, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>FELIX ENERGY, LLC | CASE NO: 1:19-cv-2204<br><br>COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff William Evans brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Felix Energy, LLC ("Felix").

2. Evans and the other workers like him were regularly worked for Felix in excess of 40 hours each week.

3. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of paying overtime as required by the FLSA, Felix paid these workers a daily rate with no overtime pay and improperly classified them as independent contractors. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Felix is headquartered in this District and Division.

## THE PARTIES

7. Evans worked exclusively for Felix as a Mud Engineer from approximately January 2018 until January 2019. Throughout his employment with Felix, he was paid a day-rate with no overtime compensation and was classified as an independent contractor. His consent to be a party plaintiff is attached as Exhibit A.

8. Evans brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Felix's day-rate system. Felix paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees ("Putative Class Members") consists of:

> **Current and former oilfield workers employed by, or working on behalf of, Felix Energy, LLC during the past three years who were classified as independent contractors and paid a day-rate.**

9. Felix is a Colorado corporation doing business throughout the United States. Felix may be served by serving its registered agent for service of process: **Capital Corporate Services, Inc., 36 S. 18th Ave, Suite D, Brighton, Colorado 80601**.

## COVERAGE UNDER THE FLSA

10. For at least the past three years, Felix has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. For at least the past three years, Felix has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. For at least the past three years, Felix has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

13. For at least the past three years, Evans and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

14. Felix treated Evans (and indeed all its Mud Engineers that it classified as independent contractors) as employees and uniformly dictated the pay practices to which Evans and its other employees (including its so-called "independent contractors") were subjected.

15. Felix's misclassification of Evans as an independent contractor does not alter its status as an employer for purposes of this FLSA collective action.

## FACTS

16. Felix is an oil and natural gas exploration and production company operating worldwide and throughout the United States. To complete their business objectives, Felix hires personnel to perform the necessary work.

17. Many of these individuals worked for Felix as Mud Engineers on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Felix classified all its Mud Engineers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

18. For example, Evans worked exclusively for Felix from approximately January 2018 until January 2019 as a Mud Engineer. Throughout his employment with Felix, he was classified as an independent contractor and paid on a day-rate basis.

19.     As a Mud Engineer, Evans's primary job duties (and the job duties of all other Mud Engineers employed by Felix who were classified as independent contractors and paid a day-rate) included monitoring drilling fluids activities at jobsites, operating oilfield equipment, coordinating transfer of fluids between rigs, controlling drilling fluids within defined specifications, and building and maintaining various fluid systems associated with the drilling and completion of wells, as needed. Evans worked well in excess of 40 hours each week while employed by Felix.

20.     The work Evans performed was an essential party of Felix's core business.

21.     During Evans's employment with Felix while he was classified as an independent contractor, Felix exercised control over all aspects of his job. Felix did not require any substantial investment by Evans for him to perform the work required of him.

22.     Evans was not required to possess any unique or specialized skillset (other than that maintained by all other Mud Engineers) to perform his job duties.

23.     Felix instructed Evans to set up his own corporation.

24.     Felix paid Evans through a staffing company to the corporation he was instructed to set up.

25.     Felix determined Evans's opportunity for profit and loss.

26.     Indeed, Felix controlled all the significant or meaningful aspects of the job duties performed by Evans.

27.     Felix ordered the hours and locations Evans worked, tools used, and rates of pay received.

28.     Felix controlled all aspects of Evans's job activities by enforcing mandatory compliance with Felix's policies and procedures.

29.     No real investment was required of Evans to perform his job. More often than not, Evans utilized equipment provided by Felix to perform his job duties.

30. Evans did not provide the equipment he worked with on a daily basis.

31. Felix made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Evans worked.

32. Evans did not incur operating expenses like rent, payroll and marketing.

33. Evans was economically dependent on Felix during his employment.

34. Felix set Evans's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Felix.

35. Felix directly determined Evans's opportunity for profit and loss. Evans's earning opportunity was based on the number of days Felix scheduled him to work.

36. Very little skill, training, or initiative was required of Evans to perform his job duties.

37. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Felix.

38. Virtually every job function was pre-determined by Felix, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

39. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

40. The Putative Class Members did not have any supervisory or management duties.

41. For the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

42. Evans performed routine manual and technical labor duties that were largely dictated by Felix.

43. Evans was not employed by Felix on a project-by-project basis.

44. In fact, while Evans was classified as an independent contractor, he was regularly on call for Felix and was expected to drop everything and work whenever needed.

45. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12-hour shifts for weeks at a time. Instead of paying them overtime, Felix paid the Putative Class Members a day-rate. Felix denied the Putative Class Members overtime for any hours worked in excess of 40 hours in a single workweek.

46. Felix's policy of failing to pay its independent contractors, including Evans, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

47. It is undisputed that the contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field.

48. Because Evans (and Felix's other independent contractors) was misclassified as an independent contractor by Felix, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

49. Felix's day-rate system violates the FLSA because Evans and the other Mud Engineers did not receive any pay for hours worked over 40 hours each week.

### FLSA VIOLATIONS

50. As set forth herein, Felix has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

51. Felix knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Felix's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

52. Accordingly, Evans and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

### COLLECTIVE ACTION ALLEGATIONS

53. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Evans and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

54. From his observations and discussions with these employees, Evans is aware that the illegal practices or policies of Felix have been imposed on the Putative Class Members.

55. The Putative Class Members all were classified as independent contractors, received a day-rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Felix's unlawful compensation practices and are similarly situated to Evans in terms of relevant job duties, pay provisions, and employment practices.

56. Felix's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Evans's experiences are typical of the experiences of the Putative Class Members.

57. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All the Putative Class Members, regardless of their precise job

requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## JURY DEMAND

58. Evans demands a trial by jury.

## RELIEF SOUGHT

59. WHEREFORE, Evans prays for judgment against Felix as follows:

   (a) For an order allowing this action to proceed as a collective action and directing notice to the class;

   (b) For an order pursuant to section 16(b) of the FLSA finding Felix liable for unpaid back wages, and an equal amount of liquidated damages, due to Evans and the class members;

   (c) For an order awarding Evans and the class members the costs of this action;

   (d) For an order awarding Evans and the class members their attorneys' fees;

   (e) For an order awarding Evans and the class members unpaid benefits and compensation in connection with the FLSA and state law violations;

   (f) For an order awarding Evans and the class members pre- and post-judgment interest at the highest rates allowed by law; and

   (g) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
Federal ID 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

ATTORNEYS IN CHARGE FOR PLAINTIFF