**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **WILLIAM EVANS,** Individually and On Behalf of All Others Similarly Situated, § § § § § § § § § | Civil Action No. 1:19-CV-02204-RBJ |
| v. | |
| **FELIX ENERGY HOLDINGS II, LLC** | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff William Evans, and opt-in plaintiffs Shawn Best, Arthur Tredemeyer, and Michael Simmons, (collectively, "Plaintiffs"), and Defendant Felix Energy Holdings II, LLC n/k/a WPX Energy Permian, LLC[1] ("Defendant," and together with Plaintiffs, the "Parties"), file this Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, asking the Court to approve the Parties' Settlement Agreements (the "Agreements"). The Parties represent that the settlement is fair and equitable. Should the court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the Parties stipulate to the dismissal of this case with prejudice, with the Parties to bear their own respective attorneys' fees and court costs.

---

[1] In accordance with Section 18-209 of the Delaware Limited Liability Company Act, Felix Energy Holdings II, LLC merged into WPX Energy Permian, LLC, with WPX Energy Permian, LLC being the surviving entity, effective as of June 1, 2020 (prior to the date Plaintiff filed the Original Complaint). *See* DEL. CODE. ANN. TIT. 6, § 18-209.

1

## I. FACTUAL BACKGROUND

1.  On August 2, 2019, Plaintiff William Evans brought this suit alleging that he and other similarly situated individuals were misclassified as independent contractors and not paid overtime in violation of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201, *et seq*. [**Dkt. 1**].[2] Defendant answered this suit on October 25, 2019 [**Dkt. 15**], denying all allegations and liability, denying that the matter should proceed as a collective action, and asserting that Plaintiffs were correctly classified as independent contractors not subject to overtime compensation under the FLSA.

2.  The parties stipulated to conditional certification under the FLSA [**Dkt. 39**]. Following stipulation, opt-in plaintiffs Shawn Best, Arthur Tredemeyer, and Michael Simmons filed consents to join the case [**Dkt. 43, 50, and 51**]. No other Plaintiffs have filed a consent to join this case.

3.  Despite the Parties' ongoing dispute regarding the validity of Plaintiffs' claims and Defendant's defenses, the Parties have entered into the Agreements to bring the Lawsuit to an expeditious conclusion. The Parties respectfully request that the Agreements be approved and the Lawsuit dismissed with prejudice.

## II. SETTLEMENT TERMS

4.  In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendant's liability, if any, Plaintiffs' classification as independent contractors, and the

---

[2] Plaintiff Evans subsequently filed an amended complaint on January 15, 2020 to name the correct defendant. [**Dkt. 36**].

2

compensation due, if any. As a result of the litigation efforts expended in this case by the Parties, and in order to avoid a potentially costly and lengthy trial setting, the Plaintiffs and Defendant have reached a private settlement of all claims, defenses, and disputes between them in this cause. Copies of the Agreements entered into by the Parties are filed as attachments to this Motion. During negotiation, and at the time of execution, Plaintiffs had the benefit of the undersigned legal counsel, and were aware of their rights under the FLSA, 29 U.S.C. § 206 *et seq.* By entering into this settlement, Defendant is not admitting any liability or violation of the FLSA, which are specifically denied.

5. The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendant, and Defendant's counsel. In arriving at the proposed settlement, the Parties considered (i) liability disputes; (ii) whether Plaintiffs are entitled to liquidated damages; (iii) whether Defendant acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if any, (v) the disputed amount of overtime hours allegedly worked, (vi) the disputed amount of overtime wages allegedly owed, (vii) the likelihood of Plaintiffs' success on their claims, and (viii) other factual and legal issues. The settlement was negotiated at arms' length with the assistance of experienced counsel in this field. The settlement amount includes both estimated unpaid overtime wages for Plaintiffs, liquidated damages, and Plaintiffs' attorneys' fees. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties. See *Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1116 (D. Colo. 2017) (recognizing the

"increased autonomy" plaintiffs possess in collective actions to determine what constitutes an appropriate settlement agreement).

### III.   ARGUMENTS AND AUTHORITIES

6.   Courts have historically scrutinized FLSA settlements for fairness before approving the settlement. *Schulte v. Gangi*, 328 U.S. 108, 113, n.8 (1946); *Morton v. Transcend Servs., Inc.*, No. 15-CV-1393-PAB-NYW, 2017 WL 977812, at* 1 (D. Colo. Mar. 13, 2017) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "However, this extensive review of every FLSA settlement has never been required by the Tenth Circuit." *Lawson v. Procare CRS, Inc.*, No. 18-CV-00248-TCK-JFJ, 2019 WL 112781, at *2 (N.D. Okla. Jan. 4, 2019) (collecting cases). "Moreover, though Tenth Circuit district courts are split regarding the application of *Lynn's Food Store* in this circuit, the majority of districts . . . have held that such approval is not necessary." *Id*. (collecting cases).

7.   "Parties requesting approval of an FLSA settlement must provide the court with sufficient information to determine whether a bona fide dispute exists." *Morton*, 2017 WL 977812, at *1 (citing *Deesv. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010)). The Parties may satisfy this burden by presenting evidence showing: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the Parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Id*.

8. The Agreements represent a fair compromise of several bona fide disputes concerning the legality of Defendant's compensation and classification practices with respect to the Plaintiffs.

### 1. Description of the nature of the dispute.

9. This lawsuit alleges that Defendant misclassified Plaintiffs as independent contractors and did not pay Plaintiffs overtime in violation of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

10. The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). The FLSA is a broad remedial statute and it promotes a "great public policy" for the benefit of all workers within its reach. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

11. Here, the Parties dispute whether Defendant ever exerted sufficient control and authority over the Plaintiffs to render them employees under the FLSA. On the one hand, Plaintiffs allege they worked almost exclusively on Defendant's projects, and were generally subject to Defendant's control. On the other hand, Defendant denies the basis for Plaintiffs' allegations, including that it hired or fired Plaintiffs, supervised or controlled Plaintiffs, set pay, determined hours, or otherwise exerted control over Plaintiff. And, moreover, Defendant maintains that Plaintiffs were the employees of third party companies hired by Defendant to perform specific and highly skilled tasks for Defendant. The list of disagreements is meaningful and reflects the existence of a bona fide dispute (or several) concerning the employee status of the workers.

5

12.     While both Parties were steadfast in their respective positions, the inherent risks of liability or no liability motivated the Parties to resolve their differences. The product of this careful analysis is the reasonable Agreements before this Court.

13.     Before reaching a compromise, the Parties expended considerable time debating the relevant legal issues, compiling/reviewing damage data, to the extent ascertainable, and working through issues relevant to the nature and scope of the release. The Parties also engaged in substantial negotiations to reach the compromise before this Court.

### 2. A description of the employer's business and the type of work performed by the employees.

14.     Defendant is an oil and natural gas exploration and production company. Plaintiffs worked for third-party mud engineering vendors hired by Defendant to perform tasks to further Defendant's exploration and production goals.

### 3. The employer's reason for disputing the employees' right to overtime.

15.     Defendant denied the allegations in the Lawsuit and asserted affirmative and other defenses, including that Plaintiffs were not employees of Defendant, and instead were independent contractors. Defendant contends that Plaintiffs were the employees of third-party vendors hired by Defendant to perform specific tasks in furtherance of its oil and natural gas exploration and production efforts. And, Defendant further denies that it failed to act in good faith.

### 4. The employees' justification for the disputed wage.

16.     Plaintiffs argued that the compensation they received as independent contractors failed to include overtime wages they were due under the FLSA. Plaintiffs also alleged that

6

92224801v.1

Defendant did not act in good faith in classifying Plaintiffs as contractors and that the pay practice at issue constituted a willful violation of the FLSA.

### 5. If the Parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wages.

17. While the FLSA usually has a statute of limitation of two years, willful violations of the FLSA extend that period, resulting in "an additional year's overtime pay." *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 355 (5th Cir. 1990) (discussing 29 U.S.C. § 255). Plaintiffs have the burden to prove a willful violation. *Id*. at 356. "Willful" is defined as whether "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

18. As with many FLSA independent contractor cases, the issue of damages—two-year v. three-year—was hotly contested in this lawsuit. Defendant claimed that its compensation practices were reasonable, based on established industry practices, and not in willful violation of the FLSA. While Plaintiffs are confident that additional discovery would have vigorously tested all Defendant's defenses, the threat of a summary judgment on willfulness could not be ignored for purposes of reaching a settlement in this case.

19. Had Defendant succeeded on this defense, the claims of the Plaintiffs would have been severely reduced. Thus, the existence of a bona fide dispute on the third-year damages in this case was meaningful and relevant to the Parties' settlement discussions.

20. The Parties also had other disagreements about the facts and the law, which impacted settlement discussions and highlight the bona fide nature of the dispute. As an example,

the total hours worked by the Plaintiffs was a subject of disagreement. Neither Defendant nor the Plaintiffs maintained accurate records of hours worked each week. Plaintiff contends Defendant was required to maintain record of Plaintiffs' hours. Defendant disputes this contention given Plaintiffs' status as independent contractors. Defendant contends Plaintiffs could not prove with any degree of specificity the amount of hours allegedly worked for Defendant.

21. The Parties believe that the terms and conditions of the Agreements are fair, reasonable, adequate, and in the best interests of all Parties. As noted above, the proposed Agreements were reached following the exchange of information and data and after extensive negotiations. Because of the various defenses asserted by Defendant and the possibility that Defendant may have successfully defeated or limited some or all of the Plaintiffs' claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of a bona fide dispute. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all Parties from incurring the additional costs and delay associated with trial and possible appeal.

### III. PRAYER

Wherefore, Plaintiffs and Defendant respectfully request that the Court approve the settlement and enter an agreed order of dismissal of this lawsuit and the claims of all Plaintiffs with prejudice, with each party to bear their own court costs and attorneys' fees in conformance with the foregoing stipulation.

92224801v.1

*Respectfully submitted,*

| | |
|---|---|
| */s/ William R. Liles* | */s/ Sara C. Longtain* |
| **Michael A. Josephsen** | **Sara C. Longtain** |
| **Andrew W. Dunlap** | LOCKE LORD LLP |
| **William R. Liles** | 600 Travis Street, Suite 2800 |
| JOSEPHSON DUNLAP LLP | Houston, Texas 77 002-3095 |
| 11 Greenway Plaza, Suite 3050 | Telephone: (713) 226-1346 |
| Houston, Texas 77046 | slongtain@lockelord.com |
| Telephone: (713) 352-1100 | |
| Facsimile: (713) 352-3300 | **Attorneys for Defendant** |
| mjosephson@mybackwages.com | |
| adunlap@mybackwages.com | |
| wliles@mybackwages.com | |

**Richard J. (Rex) Burch**
BRUCKNER BURCH, PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com

**Attorneys for Plaintiffs**

92224801v.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2021, a true and correct copy of this document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

**Michael A. Josephson**
mjosephson@mybackwages.com
**Andrew W. Dunlap**
adunlap@mybackwages.com
**William R. Liles**
wliles@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

**Richard J. (Rex) Burch**
rburch@brucknetburch.com
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

      /s/ *Sara C. Longtain*
      **Sara C. Longtain**

## CERTIFICATE OF CONFERENCE

By my signature below, I certify that I conferred with Plaintiff's counsel, William Liles, regarding this Joint Motion. Mr. Liles informed me that he is in agreement with all terms and obligations of this Joint Motion.

      /s/ *Sara C. Longtain*
      **Sara C. Longtain**

92224801v.1